

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Ronnie Troy White, | ] |
| | ] |
| Petitioner, | ] |
| | ] |
| vs. | ] 2:14-cv-08035-LSC |
| | ] 2:12-cr-0304-LSC-TMP |
| United States of America, | ] |
| | ] |
| Respondent. | ] |

MEMORANDUM OF OPINION

I.   Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Ronnie Troy White ("White") on June 16, 2014. (Doc. 1.) White contemporaneously filed a brief in support of said motion. (Doc. 2.) White challenges his 90-month sentence of imprisonment on convictions of carrying a firearm in relation to a drug trafficking crime and felon in possession of a firearm. Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court has conducted a review of the motion and accompanying brief and determines that it is due to be denied for failure to state a claim upon which relief may be granted.

II.     Background

On June 27, 2012, White was charged by indictment with knowingly, intentionally, and unlawfully possessing with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 1"); knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"); and after having been convicted on June 9, 2011, in the Circuit Court of Jefferson County, Alabama, of the offense of Assault, Second Degree, in case number CC2011-000394, said offense being a crime punishable by a term of imprisonment exceeding one year, knowingly possessing in and affecting commerce a firearm, in violation of 18 U.S.C. § 924(g)(1) ("felon in possession of a firearm") ("Count 3").

Pursuant to a written plea agreement, White pled guilty to Counts 2 and 3 on September 14, 2012, and the Government agreed to dismiss Count 1 at sentencing. White also agreed to give up his right to appeal his conviction and sentence in his plea agreement.

White was sentenced by this Court on January 10, 2013.  The minimum term of imprisonment on Count 2 is five years, and the maximum term is life.  *See* 18 U.S.C.

§ 924(c)(1)(A)(i).  The term of imprisonment for Count 2 must be imposed consecutively to any other sentence.  *See* 18 U.S.C. § 924(c)(1)(D)(ii).  The maximum term of imprisonment on Count 3 is 10 years.  *See* 18 U.S.C. § 924(a)(2).  Based on a total offense level of 19 and a criminal history category of III, the guideline imprisonment range was 37 months to 46 months, plus a mandatory, consecutive sentence of 60 months as to Count 2.  *See* U.S.S.G. § 5G1.2(b).  This Court ultimately imposed a sentence below the advisory guideline range: sentencing White to a total term of 90 months imprisonment: 60 months as to Count 2, plus 30 months as to Count 3, to be served consecutively to Count 2.  White was also sentenced to a term of supervised release of 60 months following release from imprisonment.

Judgment was entered by this Court on January 16, 2013.  White did not appeal.  White filed the instant § 2255 motion on June 16, 2014, asserting the following grounds for post-conviction relief:

1. White's Fifth Amendment rights were violated when the district court applied a sentence of 30 months to be served consecutively to a sentence of 60 months;

2. White was denied his Sixth Amendment right to effective assistance of counsel when counsel did not object to the imposition of the consecutive sentence of 30 months; and

3. White was denied his Sixth Amendment right to effective assistance of counsel when counsel did not file a timely notice of appeal challenging

the imposition of the consecutive sentence of 30 months on reasonableness grounds.

White remains in custody.

III.   Discussion

As an initial matter, White's motion is untimely on its face. The one-year limitations period is triggered upon the latest of four dates set forth in § 2255(f). White filed the motion more than one year after the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Since White did not appeal, his conviction became final upon the expiration of the 14-day period following entry of the criminal judgment in which a timely notice of appeal could have been filed, *see Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011); yet he did not file the instant motion until June of 2014. However, White alleges two reasons why § 2255(f)(1) does not make his motion untimely: 1) the motion was filed within one year of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013); and 2) White requested that his counsel file a notice of appeal yet counsel did not do so.

First, White attempts to avail himself of § 2255(f)(4), which provides that the one-year statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(4). However, White's purported reliance on the Supreme Court's decision in *Alleyne* is unavailing because *Alleyne* does not apply retroactively on collateral review. As recently explained by the Eleventh Circuit:

> First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). Second, the *Alleyne* Court explained that its holding was an application of the rule established in *Apprendi v. New Jersey*, *see Alleyne*, 133 S.Ct. at 2163 (applying *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348 (2000)), and we have repeatedly held that *Apprendi*'s rule does not apply retroactively on collateral review. *See, e.g., Dohrmann v. United States*, 442 F.3d 1279, 1281–82 (11th Cir. 2006) (holding that *Apprendi* does not retroactively apply to § 2241 petitions); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that *Apprendi* does not retroactively apply to § 2255 motions). If *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule. *See In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (explaining that decisions "based on an extension of *Apprendi*" are not retroactive); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive). Finally, every one of our sister circuits to consider the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson*, 721 F.3d at 876.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285-86 (11th Cir. 2014).

With regard to White's second justification for his untimely filing, "[a] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely

under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). Although White alleges that "it was always his intention to have his case reviewed" (doc. 1 at 7), White provides no facts indicating *when* he discovered that counsel had not filed a notice of appeal. However, even assuming for the purposes of this proceeding that White's motion *was* filed within one year of his discovery that his counsel did not file a requested notice of appeal, the claim that White alleges his counsel should have raised on appeal fails as a matter of law.

This is because White's entire motion is based on the claim that he suffered a Fifth Amendment violation based on the district court's imposition of a 30 month sentence on Count 3 to run consecutively with the 60 month sentence on Count 2. White states that "18 U.S.C. § 922(g) creates a fixed sentence of concurrent terms in relation to any other offense conduct." (Doc. 2 at 4.) In other words, White argues that because § 922(g) allows for any penalty imposed for violation of that section to run concurrently with the penalty imposed for other offenses, the court erred in imposing the penalty for violation of § 922(g) to run consecutively to the penalty for violation of § 924(c)(1)(A). However, White overlooks the fact that § 924(c)(1)(D)(ii)

prohibits any penalty imposed for a violation of § 924(c)(1)(A) from running concurrently with any other sentence of imprisonment imposed and *requires* it to run consecutively.  *See* § 924(c)(1)(D)(iii) ("Notwithstanding any other provision of law— . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."). Further, White's signed plea agreement provided that the maximum statutory punishment for violation of § 924(c), carrying a firearm during and in relation to a drug trafficking crime, is "[i]mprisonment for not less than 5 years and not more than Life, *consecutive to any other sentence received.*"  *See* Doc. 15 in *United States v. White*, 12-cr-00304-LSC-TMP (emphasis added).  Accordingly, White's claim that the district court erred in imposing 30 months imprisonment on Count 3 to run consecutively with 60 months imprisonment on Count 2 fails as a matter of law.

     For this same reason, White's claim that counsel was ineffective for failing to appeal the imposition of the consecutive sentence on reasonableness grounds also fails.  In short, the failure to White's counsel to raise this meritless claim on appeal cannot have constituted ineffective assistance.  *See Diaz v. Sec'y, Dept. of Corr.*, 402

F.3d 1136, 1142 (11th Cir. 2005). Nor could counsel's failure to object at sentencing on this ground constitute ineffective assistance, as the objection would have been meritless. *See id.*

In sum, relief under § 2255 is not warranted here because White's motion is barred by the applicable statute of limitations, or in the alternative, because the facts stated in the motion, assumed to be true, do not state a claim. Because the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief" *see* § 2255(b), the motion is due to be denied.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003) (internal quotations omitted).  This Court finds White's claims do not satisfy either standard.

IV.   Conclusion

For the foregoing reasons, White's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.  A separate order will be entered consistent with this opinion.

Done this 15th day of September 2014.

L. Scott Coogler
United States District Judge
[160704]